## WARE v. SLOAN.
### No. 13435.

Court of Civil Appeals of Texas. Fort Worth.
April 17, 1936.

B. W. Ashworth and W. H. Hall, both of Dallas, for appellant.

Allen & Allen, E. G. Moseley, and Andrew Patton, all of Dallas, for appellee.

BROWN, Justice.

Appellee presents us with a motion to strike appellant's brief, and presents three grounds, viz.: (1) That appellant's brief was not filed in the trial court in compliance with article 2283 of the Revised Civil Statutes of Texas and the court rules governing the filing of briefs; (2) because the brief is not indexed and contains no alphabetical list of authorities in compliance with rule 35; (3) the third ground asserts that the purported assignments of error are not in compliance with rules 24 and 25, in that nowhere therein is there a distinct specification of error, in that no sufficient reference is made to the record and no excerpts therefrom are set forth therein.

Answering the first ground of the motion, it may be sufficient to say that neither the Courts of Civil Appeals nor the Supreme Court ever considered the rule requiring briefs to be filed in the trial court as mandatory, and, where no effort has been made to comply with either the statute or the rule, all appellate courts have uniformly held on motion that briefs may be filed provided a reasonable time lapses after the filing of such briefs within which the appellee may prepare and file his briefs before submission; and briefs have been stricken or disregarded only when tendered to opposing counsel and the court at such a late date as that the appellee would be inconvenienced in replying thereto. But we believe that the amendment to articles 1847 and 1848 of the Revised Civil Statutes of 1925, made by the Forty-Fourth Legislature at its last Regular Session, being chapter 90 of the General Laws of such Legislature (section 1 [Vernon's Ann.Civ.St. arts. 1847, 1848]), clearly implies that an appellant who files his brief in the Court of Civil Appeals 30 days from the date of the notice of the submission of his cause has fully complied with all requirements so far as the filing of his brief is concerned, and that appellee has so complied when he files his brief at

least 5 days before the date set for submission.

Under the rules, should we consider that it is necessary for the dispatch of business to have an index to appellant's brief, we could authorize the clerk of this court to make such an index and to tax the costs thereof to the appellant. While we prefer that all briefs contain indices, when this cause comes up for consideration on the merits, we will either consider the case in the absence of the index, or, if we deem an index necessary, will order one made.

We find no merit in the third ground urged, and believe that the assignments of error are sufficient for our consideration.

The motion to strike appellant's brief is overruled.